# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CLIFFORD FRANK BROWN,<br><br>    Defendant. | No. CR 05-87-LRR<br><br><br>**ORDER** |

_____

The matters before the court are Defendant Clifford Frank Brown's Motion to Suppress Traffic Stop (docket no. 53) and the Report and Recommendation that such Motion be denied (docket no. 58).

## *I. PROCEDURAL BACKGROUND*

On October 6, 2005, the grand jury returned an Indictment against Brown and his four co-defendants. The Indictment charged Brown and his four co-defendants with knowingly taking by force, violence and intimidation and aiding and abetting the taking by force, violence and intimidation, from the person and presence of at least one employee of the Ackley State Bank, 831 South Oak, Iowa Falls, Iowa, money belonging to and in the care, custody, management and possession of the Ackley State Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation. Such conduct is in violation of 18 U.S.C. §§ 2 and 2113(a). On November 3, 2005, the grand jury returned a Superseding Indictment adding Counts 2, 3, and 4. Count 2 of the Superseding Indictment charged Brown and his four co-defendants with, by force, violence and intimidation, taking from the person and presence of another, approximately $71,750

belonging to and in the care, custody, control, management and possession of the Ackley State Bank of Iowa Falls, Iowa, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm, and did aid and abet that offense in violation of 18 U.S.C. §§ 2, 2113(a) and 2113(d). Count 3 of the Superseding Indictment charged Brown and his four co-defendants with knowingly using and carrying and brandishing, and aiding and abetting the use and carrying and brandishing of a firearm, that is, a handgun, during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c)(1). Count 4 of the Superseding Indictment charged Brown and his four co-defendants with knowingly and willfully conspiring and agreeing together with each other to commit the offense of armed bank robbery in violation of 18 U.S.C. § 371.

On November 17, 2005, Brown filed a Motion to Suppress Traffic Stop (docket no. 53). On November 30, 2005, Chief Magistrate Judge John A. Jarvey filed a Report and Recommendation (docket no. 58) which recommends the defendant's Motion to Suppress Traffic Stop be denied. Brown did not file an objection to the November 30, 2005, Report and Recommendation.

On December 6, 2005, Brown filed a notice of his intent to plead guilty. On December 9, 2005, Brown appeared before Chief Magistrate Judge Jarvey for a change of plea hearing. At such hearing, Brown pleaded guilty to counts two and three of the Superseding Indictment. On the same day, Chief Magistrate Judge Jarvey entered a report and recommendation that a United States District Court Judge accept Brown's plea of guilty. On August 14, 2003, the court entered an order adopting the report and recommendation pertaining to Brown's guilty plea.

2

The court therefore finds the defendants' motions fully submitted and ready for decision.

## II. ANALYSIS

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). In this case, Brown did not file an objection to the November 30, 2005, Report and Recommendation and he subsequently entered a guilty plea. Because the court accepted Brown's plea of guilty, Brown's Motion to Suppress Traffic Stop is moot. The court, however, adopts Chief Magistrate Judge Jarvey's November 30, 2005, Report and Recommendation in its entirety.

## III. CONCLUSION

**IT IS ORDERED:**

(1) The court **DENIES** Defendant Clifford Frank Brown's Motion to Suppress Traffic Stop (docket no. 53).

(2) The court **ADOPTS** Chief Magistrate Judge Jarvey's Report and Recommendation of November 30, 2005 (docket no. 58).

(3) The period between the filing of the defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C.

§ 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 30th day of December, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

4